

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,751-01

### EX PARTE PATRICK LEONARD MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20130D04142-171-1 IN THE 171ST DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of continuous sexual abuse of a child under 14 and sentenced to fifty-two years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Martinez v. State*, No. 08-14-00242-CR (Tex. App. — El Paso, May 23, 2018). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel 1) improperly turned down a plea offer without the Applicant's express permission to do so and for reasons not articulated by Applicant, 2) failed to know the applicable law to the charged offense, and 3) improperly gave the jury a definition of reasonable doubt, admitted that he thinks his client is guilty, and made incoherent and rambling nonsensical arguments to the jury. Applicant also

claims his appellate counsel failed to properly argue her motion for new trial. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 26, 2020
Do not publish